# AFFIDAVIT

I, Ian M. Brock, currently assigned to the Cleveland Division of the FBI, hereinafter referred to as your Affiant, being duly sworn, do state the following:

## INTRODUCTION

1.      As a Special Agent of the FBI, your Affiant is an investigative law enforcement officer of the United States of America within the meaning of Title 18 U.S.C. 2510(7).  Your Affiant is empowered to conduct investigations and to make arrests for federal felony offenses.

2.      Your Affiant has been employed by the Federal Bureau of Investigation for 12 years and has been assigned to the Cleveland Division of the FBI for each of those 12 years. During that time, your Affiant has been assigned to investigate activities of drug trafficking organizations, drug-related gang and violent crime activities, and other criminal offenses.  As a Special Agent of the FBI, your Affiant has participated in narcotics/drug enforcement, and the dismantlement of mid- to upper-level drug trafficking organizations.  Your Affiant has planned and executed long-term investigative operations which have led to the disruption and dismantlement of criminal street gangs whose revenues centered primarily around the trafficking and distribution of illicit drugs.

3.      As a Special Agent in the FBI, your Affiant received basic drug training at the FBI Academy in Quantico, Virginia.  Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques, which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations.  Your Affiant has been involved in multiple controlled

purchases of drug evidence and subsequent arrests of defendants charged with drug and firearms related crimes.  Your Affiant has supervised the activities of informants who have provided information concerning controlled substances, firearms and organized criminal activities, purchased controlled substances and firearms, and supervised consensual monitoring in connection with these investigations.  Your Affiant has utilized various forms of tracking technology to assist in various forms of criminal investigation.

4.      Your Affiant makes this affidavit in support of a criminal complaint and arrest warrant for VICTOR VASHAWN GODETTE, JR., and JOEL MICHAEL REMBERT, for possession of a stolen firearm, in violation of Title 18, United States Code, Section 922(j).

## BASIS OF INFORMATION

5.      Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon your Affiant's personal participation in the investigation of GODETTE, JR. and REMBERT, as well as through information obtained from other law enforcement agencies and witnesses.

6.      Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by FBI Agents or other law enforcement officers.  Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom your Affiant has spoken or whose report your Affiant has read and reviewed.  Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth your Affiant's observations but rather has been provided directly or indirectly by FBI Agents or other law enforcement officers who conducted such surveillance.  Likewise, any information pertaining to vehicles and/or registrations, personal data

2

on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS); from Thompson Reuters, a law enforcement credit header database (CLEAR); from the State of Ohio or the National Crime Information Center (NCIC) computers; or by the Ohio Law Enforcement Gateway database (OHLEG) by members herein described.

7.       Since this Affidavit is being submitted for the limited purpose of securing the requested arrest warrants, this affidavit does not contain each and every piece of information known to your Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested arrest warrants.

### FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

8.       On June 11, 2020, the Brooklyn (Ohio) Police Department arrested GODETTE, JR., on suspicion of shoplifting.  GODETTE, JR. has a prior criminal history that includes pending charges for felony possession of a loaded firearm and possession of marijuana, out of New York.  At the time of his arrest, GODETTE, JR. was in possession of a bag found to contain a Glock, Model 21, .45 caliber pistol, serial numberYDH428, and the upper (barrel) half of a Smith & Wesson M&P AR-15, .223 caliber rifle, serial number TJ33157.  As GODETTE, JR., was being arrested, officers were approached by REMBERT and Rebecca Milon who said they were friends of GODETTE, JR.  Officers observed Milon holding a bag and asked Milon for permission to search the bag.  Milon consented and officers discovered a Hi-Point, Model JHP, .45 caliber pistol, serial number 4299801, and the lower (receiver) half of the Smith & Wesson M&P AR-15, .223 caliber rifle, serial number TJ33157.  At that time REMBERT told officers the bag containing the Hi-Point pistol and the lower half of the AR-15 rifle belonged to him.  A records check through leads revealed the Hi-Point pistol was stolen from Lorain, Ohio, in 2016, and the AR-15 rifle was stolen from Parma, Ohio, in February 2020.  GODETTE, JR.,

REMBERT, and Milon are all from Brooklyn, New York, and were staying at a hotel in Brooklyn, Ohio at the time of this incident.

9.      Both GODETTE, JR. and REMBERT were arrested by Brooklyn PD officers and advised of their Miranda rights.  Both waived their Miranda rights and agreed to speak with investigators without an attorney present.  During questioning, REMBERT stated he purchased the Hi-Point pistol from a male he knew as Dayshaun in the Cleveland, Ohio area for $600 on Wednesday, June 10, 2020.  REMBERT also stated he and GODETTE, JR. stole the AR-15 from a relative of GODETTE, JR. that same day, but could not recall the name of the relative.  REMBERT further stated they separated the AR-15 to conceal it, because it was too large to conceal in either GODETTE, JR.'s or REMBERT's bag.  Investigators then questioned GODETTE, JR., who stated he and REMBERT went to Dayshaun's residence the morning of Thursday, June 11, 2020, so REMBERT could purchase a firearm from Dayshaun.  While they were at Dayshaun's residence, Dayshaun showed GODETTE, JR. and REMBERT the Glock pistol and the AR-15 rifle.  Sometime after this Dayshaun became incapacitated after ingesting narcotics, at which time REMBERT and GODETTE, JR. stole both the AR-15 rifle and the Glock pistol, and left Dayshaun's residence.  When asked why they travelled New York to Ohio to purchase a firearm, GODETTE, JR. told investigators they could obtain a firearm cheaper in Ohio.

10.      Investigators received consent to search the hotel room where GODETTE, JR., REMBERT, and Milon were staying in Brooklyn, Ohio.  Upon searching the room, investigators located a Kevlar vest, similar to those used by law enforcement.  During questioning of REMBERT, he admitted the vest belonged to him and stated he purchased it two years prior.  However, during questioning of GODETTE, JR., he stated REMBERT purchased the vest on

Wednesday, June 10, 2020, from an unknown person while at the residence of a family member of GODETTE, JR.'s.  Investigators obtained consent to search both GODETTE, JR.'s and REMBERT's cellular telephones.  While searching REMBERT's phone, investigators discovered a video where REMBERT filmed himself spitting on a marked Brooklyn, Ohio police cruiser, while making disparaging comments about police officers.  Also, investigators discovered a message sent by REMBERT to multiple contacts offering to sell bullet proof vests. There is a disclaimer in his message that the vests are not to be used for lethal purposes, but for self-defense, "because cops are now murdering people and riots are a thing."  He further states that he can obtain the vests for $250.

11.     Investigators spoke with Milon on both June 11, 2020 and June 12, 2020.  Milon initially told investigators she was not aware of REMBERT and GODETTE, JR. purchasing or stealing firearms.  Milon later admitted that she knew REMBERT and GODETTE, JR. were travelling to Ohio with the intention of obtaining firearms and a Kevlar vest, and taking them back to Brooklyn, New York to sell them.  Based on the information detailed above, your Affiant believes it is likely REMBERT and GODETTE, JR. intended to transport the firearms and Kevlar vest to New York for the purpose of furthering criminal activity.

**INTERSTATE NEXUS DETERMINATION**

12.     Your Affiant has requested a firearms trace from the Bureau of Alcohol Tobacco and Firearms (ATF), and is awaiting results.  However, as an FBI agent, your Affiant has investigated federal crimes involving firearms and knows that neither Glock nor Smith & Wesson manufacture firearms in the state of Ohio, therefore, both firearms would have needed to travel in interstate commerce to be located in the state of Ohio.

## **CONCLUSION**

13.    Based on the foregoing, Your Affiant believes that there is probable cause to
believe that both VICTOR VASHAWN GODETTE, JR. and JOEL MICHAEL REMBERT did
unlawfully possess a stolen firearm, in violation of Title 18, United States Code, Sections 922(j),
and 924(a)(2).

_____
Special Agent Ian Brock
Federal Bureau of Investigation

Sworn to via telephone after
submission by reliable electronic
means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
**4:19 PM, Jun 12, 2020**